It was first objected on the part of Hopewell, that the order was defective, having a wrong direction; but [*] the Court considered this to be an error in form, and amendabl i by the 27th section of the poor act, Pat. 34, (a) especially as the pauper had been received. It was then contended on the same side, that the Sessions overruled proper testimony, by refusing to examine a witness to prove that Luther Opdyckc, Esquire, one of the removing magistrates, resided in the township of Kingwood, from whence the pauper was removed. But the Court said that the act of Assembly, Pat. 33, section xxiii,(b) authorized the proceeding, and that the restraining clause in the xxvi section, Pat. 34, (c) furnished complete evidence of the intention of the legislature on that subject. — After hearing arguments on the merits of the controversy,
The Court said, that the pauper George, the bastard child, by the 4th section of the poor act, Pat. 27, was settled in the place of the last legal settlement of its mother; that, therefore, the settlement of the pauper Ruth, was the only question to be determined. That Ruth derived her settlement from her father, Daniel Hudnot; that Daniel Hud not, by serving an apprenticeship in Amwell, gained a settlement there unless notice in such case was necessary under the act of 1758; that as there was not any evidence of his coming into Amwell, no notice was necessary in that case; he did not gain a subsequent settlement in Hopewell, by renting a tenement, because the case states that he moved into Hopewell; and there is no evidence of notice to the overseers of the poor, which the act of 1758 requires in such cases. Therefore, both orders must be quashed.

 Rev. 46.

 44.

 46.